# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISRICT OF WISCONSIN



**Micheal Rowser**
    **Plaintiff**

v.      Case No. **10-C-0093**

**Dedicated Logistics Inc.,**
    **Defendant**

1. Plaintiff, Micheal Rowser, is an African American Citizen of the United States in the State of Wisconsin, residing at 4840 W. Scranton Place, Milwaukee, Wisconsin 53216. He was employed by the defendant, Dedicated Logistics Inc., from May 17, 2005 through May 2, 2007 as a line-haul driver. He was an employee within the meaning of 42 U.S.C. § 2000e(f).

2. Defendant, Dedicated Logistics Inc., (DLI) is, upon information and belief, a Minnesota Corporation doing business in the State of Wisconsin. DLI is an employer who has continuously engaged in an industry effecting commerce within the meaning of 42 U.S.C. § 2000e(b)(g) and (h).

3. Jurisdiction of this action is conferred in this court by 28 U.S.C. § 1331, 1337 and/or 42 U.S.C. § 2000e-5(f)(3). Venue in the Eastern District of Wisconsin is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(3).

4. Plaintiff has witnessed and been subjected to discriminatory conduct and harassment by the frontline managers and corporate management. Plaintiff informed Tom Wintz, the founder, President and CEO of DLI, of management's retaliatory and discriminatory conduct.

5. Plaintiff has been subjected to false allegations from defendant. The defendant has committed slanderous and defamatory act against the plaintiff in order to terminate his employment. The defendant has also lied and misrepresented facts to state and federal investigators concerning the charges filed with the administrative agencies of the Wisconsin Department of Workforce Development Equal Rights Division and the U.S. Equal Employment Opportunity Commission.

6. During his tenure, the plaintiff, complained about acts of racism against him and others, unethical acts, acts of Federal DOT violations and Wisconsin Fair Employment Act violations by the defendant. The plaintiff often complained verbally to coworkers, frontline managers, local and corporate human resource management, corporate managers and safety managers, as well as the President of DLI.

7. The plaintiff was slandered/defamed, suspended, not properly paid for work performed and terminated without just cause because of his opposition to the defendant's above mentioned conduct.

8. Plaintiff had asked the defendant and their agents to stop manufacturing false allegations and acts against him.

9. Plaintiff has suffered emotional injury as a result of being burden with this discrimination, harassment and retaliation and has suffered physical symptoms as a result.

10. By the above referenced conduct, defendant acted with reckless or callous indifference to plaintiff's rights.

11. By the above conduct, defendant violated Title VII of the Civil Rights Act of 1964, as amended.

12. By the above conduct, defendant violated 42 U.S.C. § 1981.

13. By the above conduct, defendant violated public policy of this state, including the Wisconsin Fair Employment Practices Act.

14. All conditions precedent to the commencement of this lawsuit, including timely filings of administrative charges of race discrimination and retaliation, has been fulfilled.


WHEREFORE, Plaintiff demands judgment against defendant as follows:

1. For a declaratory judgment that the forgoing acts constitute violations of plaintiff's rights.

2. For a department injunction enjoining defendants, its agents, employees, successors and all others acting in concert or cooperation with it or at its discretion or under its control from continued discrimination or retaliation against plaintiff and from engaging in any employment policy or practice which discriminates on the basis of race.

3. For award of compensatory damages and punitive damages in an amount to be determined at trial.

4. For a cost and disbursement incurred in this action.

5. For such other equitable and legal relief as the court deems just and proper.

## Jury Demands

Plaintiff hereby requests a trial by jury in this action.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2010.

4840 W. Scranton Place
Milwaukee, Wisconsin 53216
Telephone: (414)750-1666

*Micheal Rowser*
Micheal Rowser

| EEOC Form 161 (2/08) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | |
|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | |
| To: Michael L. Rowser<br>4840 W Scranton Pl<br>Milwaukee, WI 53216 | | From: Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 800<br>Milwaukee, WI 53203 |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No.<br>26G-2008-00878 | EEOC Representative<br>**Roxanne M. Kitzman,**<br>**State & Local Coordinator** | Telephone No.<br>(414) 297-1112 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

John P. Rowe,
Director

(Date Mailed)

cc: **DEDICATED LOGISTICS, INC.**
Attn: Human Resources Manager
1550 E 98th Pl
Chicago, IL 60628

**Faegre & Benson**
Atty: Alissa Raddatz
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

**Dedicated Logistics, Inc**
Attn: Susan Pastika, Director of Human Resources
2896 Centre Pointe Drive
St. Paul, MN 55113

Case 2:10-cv-00093-JPS   Filed 02/03/10   Page 4 of 4   Document 1

Enclosure with EEOC