UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MICHAEL ROWSER,

          Plaintiff,

v.                                                         Case No. 10-CV-93

DEDICATED LOGISTICS, INC.,

          Defendant.
_____

## ORDER

Plaintiff Michael Rowser ("Rowser") files this *pro se* lawsuit alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 against defendant Dedicated Logistics, Inc., arising from events surrounding Rowser's employment and subsequent dismissal from his position as a line-haul driver. In connection with his complaint, Rowser filed a motion for leave to proceed in forma pauperis (IFP). The court will grant his request.

Any party instituting a non-habeas civil action, suit or proceeding in a district court of the United States must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). However, a court may authorize a party to proceed IFP, which allows the party to prosecute his suit "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). The statute is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed IFP, the court must first determine that the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determinations, the court must give a *pro se* plaintiff's allegations "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Rowser has adequately demonstrated an inability to pay the required costs and fees. He filed an affidavit asserting that he has been unemployed for over two years, that he provides all living expenses for his 10 year-old son, and that his monthly expenses exceed his monthly income. Rowser does indicate that he has $49,000 in a savings or checking account, but attests that he cannot access these funds because they are currently frozen due to pending divorce proceedings. Rowser makes his statements under penalty of perjury and the court will accept them at face value.

Additionally, the court cannot deem the action frivolous or malicious or conclude that it seeks money damages against a defendant immune from such relief. It is questionable whether the complaint adequately states a claim for discrimination and retaliation pursuant to either 42 U.S.C. § 1981 or Title VII, given the lack of significant factual allegations in support of Rowser's assertions. However, the court must provide a liberal construction to *pro se* pleadings.

Therefore, the court will grant Rowser's motion and allow him to proceed IFP, rather than requiring payment of the filing fee or prematurely dismissing the case.

Accordingly,

**IT IS ORDERED** that Rowser's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that a United States Marshal shall serve a copy of the summons and complaint upon defendant Dedicated Logistics, Inc., pursuant to Federal Rule of Civil Procedure 4(c)(3).

Dated at Milwaukee, Wisconsin, this 26th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-

Case 2:10-cv-00093-JPS   Filed 02/26/10   Page 3 of 3   Document 3