UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHEAL ROWSER,

    Plaintiff,

v.                                                     Case No. 10-CV-0093

DEDICATED LOGISTICS, INC.,

    Defendant.

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ACTION AS A SANCTION PURSUANT TO FED.R.CIV.P. 37 OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(c)

---

Pursuant to Federal Rules of Civil Procedure 12(c) and 37 and Civil Local Rules 12, 37, Defendant, Dedicated Logistics, Inc. ("DLI"), by its counsel, Quarles & Brady LLP and Faegre & Benson LLP, hereby moves the Court to dismiss Plaintiff's action as a sanction for his failure to respond to Defendant's written discovery requests and refusal to submit to a deposition or, in the alternative, for judgment on the pleadings.

This motion is supported by Defendant's brief, the affidavit of Autumn M. Kruse and two affidavits from Alissa Raddatz and exhibits which are filed with this motion.

Mr. Rowser is notified pursuant to Civil Local Rule 56(a)(1) that any factual assertion in DLI's affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

In addition, Federal Rule of Civil Procedure 56(c), (d), (e) and (f) provide as follows:

(c) *Time for a Motion, Response, and Reply; Proceedings.*

    (1) These times apply unless a different time is set by local rule or the court orders otherwise:

        (A) a party may move for summary judgment at any time until 30 days after the close of all discovery;

        (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

        (C) the movant may file a reply within 14 days after the response is served.

    (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) *Case Not Fully Adjudicated on the Motion.*

    (1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts -- including items of damages or other relief -- are not genuinely at issue. The facts so specified must be treated as established in the action.

    (2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e) *Form of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In addition, Civil Local Rule 56(a) and (b) provide as follows:

(a) *Pro Se Litigation.*

(1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

(A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

(B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c)(d) and (e), and (f), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

(2) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

(b) *Additional Summary Judgment Procedures.* Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

(1) <u>Moving Party's Principal Materials in Support of Motion.</u> With each motion for summary, judgment, the moving party must file:

(A) a memorandum of law;

(B) a statement setting forth any material facts to which all parties have stipulated;

(C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

(i) the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

(ii) a moving party may not file more than 150 separately numbered statements of fact;

(iii) failure to submit such a statement constitutes grounds for denial of the motion; and

(D) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

(2) <u>Opposing Party's Materials in Opposition.</u> Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

(A) a memorandum of law;

(B) a concise response to the moving party's statement of facts that must contain:

(i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately numbered statements of additional facts; and

(C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

(3) <u>Moving Party's Materials in Reply.</u> A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

(A) a reply memorandum;

(B) a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

(C) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e) submitted in reply.

(4) <u>Effect of Uncontroverted Statements of Fact.</u> The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

(5)     Stipulated Facts. Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

(6)     Citations to Facts in Memoranda. Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

(7)     Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact. A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

(8)     Length of Memoranda.

    (A)     A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).
    (B)     No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

(9)     Collateral Motions.   Collateral motions, such as motions to strike, are disfavored.

Finally, Civil Local Rule 7 provides as follows:

*Form of Motions and Other Papers*

(a)     Form of Motion and Moving Party's Supporting Papers. Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

    (1)     a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

    (2)     a certificate stating that no memorandum or other supporting papers will be filed.

(b)     Non-Moving Party's Response. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion.

(c)     Reply. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve

a reply memorandum and other papers within 14 days from service of the response memorandum.

       (d)    <u>Sanction for Noncompliance.</u> Failure to file either a supporting memorandum or other papers, or a certificate of counsel stating that no memorandum or other supporting papers will be filed, is sufficient cause for the Court to deny the motion. Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. The Court also may impose sanctions under General L. R. 83(f).

       (e)    <u>Oral Argument.</u> The Court will hear oral argument at its discretion.

       (f)    <u>Length of Memoranda.</u> Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

       (g)    <u>Modification of Provisions in Particular Cases.</u> The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

       (h)    <u>Expedited Non-Dispositive Motion Practice.</u>

       (1)    Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

       (2)    The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

       (3)    The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

       (i)    <u>Leave to file paper.</u> Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be

filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

 (j) <u>Citations.</u>

 (1) With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or non-precedential opinions, decisions, orders, judgments, or other written dispositions.

 (2) If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

**QUARLES & BRADY LLP**

Dated: November 30, 2010

/s/ Autumn M. Kruse
Autumn M. Kruse
State Bar No. 1041796
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 277-5567

-AND-

**FAEGRE & BENSON LLP**

John W. Polley, MN Atty #173988
Alissa M. Raddatz, MN Atty #334376
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendant
Dedicated Logistics, Inc.
2900 Granada Lane North
Oakdale, MN 55128