# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHEAL ROWSER,

        Plaintiff,

v.                                                  Case No. 10-CV-93

DEDICATED LOGISTICS, INC.,

        Defendant.

## ORDER

On November 30, 2010, defendant Dedicated Logistics, Inc. ("DLI") filed a Motion to Dismiss (Docket #13) in the instant action. That motion requests dismissal as a sanction under Federal Rule of Civil Procedure 37, or, alternatively, asks for judgment on the pleadings pursuant to Rule 12(c). Subsequently, on December 28, 2010, DLI filed an expedited Motion to Amend/Correct Scheduling Order (Docket #22) pursuant to Civil Local Rule 7(h). That motion requests the court set new dates for completion of discovery and the filing of dispositive motions in the event that the court does not grant its prior motion to dismiss in its entirety. Because of the plaintiff's past and current conduct in evading discovery, together with the circumstances of the case, the court finds dismissal with prejudice an appropriate sanction.

This case arises from a pro se complaint (Docket #1) filed by plaintiff Micheal Rowser ("Rowser") on February 3, 2010. The complaint alleges discrimination, harassment, retaliation, and defamation related to DLI's termination of his

employment. Previously, Rowser raised these allegations before the Wisconsin Department of Workforce Development Equal Rights Division ("ERD"), as well as the Equal Employment Opportunity Commission ("EEOC"). The ERD issued an initial determination of no probable cause. (Aff. of Autumn Kruse Ex. E) (Docket #17-5). Rowser appealed that determination and the ERD set a hearing on the issue. (Aff. of Autumn Kruse Ex. F, G) (Docket #17-6, #17-7). Approximately a week prior to the scheduled hearing, the ERD administrative law judge ("ALJ") issued a letter to Rowser and DLI postponing the hearing and setting a new date certain by which Rowser was required to provide complete answers to DLI's discovery requests. (Aff. of Autumn Kruse Ex. H, at 1-2) (Docket #17-8). The ALJ's order was necessitated by the fact that Rowser had, up to that point, failed to respond to discovery requests. (*Id.* at 1). Despite the directive contained in the ALJ's letter, Rowser again failed to provide the requested discovery. (*Id.* at 2). DLI subsequently filed a motion to dismiss for his failure. (*Id.*). According to that motion, DLI had contacted Rowser by both phone and email on the date discovery was due to inquire as to whether he intended to provide responses. (*Id.*). DLI further stated that Rowser replied by email, writing that he had left a couple phone messages for DLI's counsel and would send a copy of discovery. (*Id.*). DLI disputed the receipt of any phone messages in its motion and, in any event, did not receive the promised discovery. (*Id.*). As such, the ALJ ordered that Rowser provide a response to the motion to dismiss within two weeks, as well as take immediate steps to respond to the discovery

requests. (*Id.* at 2-3). On the date Rowser's response to the motion was due, he instead came to the ERD office and filed a motion for extension of time claiming illness with flu-like symptoms. (Aff. of Autumn Kruse Ex. J, at 3) (Docket #17-10). Rowser filed no accompanying medical documentation and, according to inquiry with the secretary who received the motion, as well as another ALJ who was present, he did not appear to be suffering from the claimed symptoms. (*Id.* at 3-4). As such, the ALJ denied the request for an extension and indicated that an order of dismissal would be forthcoming in light of Rowser's "clear pattern of evasive, duplicitous and obstructive conduct" and lack of good faith. (*Id.* at 4). The ALJ dismissed the matter on September 18, 2009. (Aff. of Autumn Kruse Ex. K) (Docket #17-11). The EEOC later adopted the ERD's findings on November 3, 2009. (Aff. of Alissa Raddatz Ex. C) (Docket #15-3). This litigation followed.

After the February filing of Rowser's complaint, this court issued a scheduling order (Docket #12) on June 11, 2010, that set June 28, 2010, as the due date for initial disclosures, and December 17, 2010, as the date for completion of all discovery. As of December 28, 2010, Rowser had still failed to serve his initial disclosures. (Aff. of Autumn Kruse ¶¶ 13, 15) (Docket #17); (Aff. of Michael Aldana ¶ 2) (Docket #24). On October 18, 2010, DLI served Rowser via email and U.S. Mail with interrogatories, document requests, and a Notice of Deposition. (Aff. of Autumn Kruse ¶ 14). Rowser's deposition was set for November 30, 2010. (*Id.* ¶ 15). On November 23, 2010, counsel contacted Rowser by phone because DLI had not

received any response to the discovery requests. (*Id.*). Rowser indicated that either he never received the requests, or if he did, they were destroyed in his basement. (*Id.*). He gave no reason why they would have been destroyed. (*Id.*). Upon being reminded that he was also served by email, Rowser stated that his laptop was not working. (*Id.*). The email address in question is provided by AOL and was successfully used by Rowser during the parties' Rule 26(f) conference. (*Id.* ¶ 16). During the phone call, Rowser further stated that he would not appear for his scheduled deposition and provided no reason other than that he allegedly did not receive the notice. (*Id.* ¶ 15). Counsel for DLI then overnighted and emailed Rowser the discovery requests and deposition notice on November 24, 2010. (Aff. of Autumn Kruse ¶ 17 & Ex. M) (Docket #17-13). Rowser did not attend his deposition, nor submit any materials by the December 17, 2010 close of discovery. (Aff. of Michael Aldana ¶ 2).

Subsequent to filing this Motion to Dismiss, Rowser had 21 days to submit his opposition, *see* Civ. L. R. 7(b), yet has failed to submit any materials as of the date of this order. DLI certified that it served Rowser through electronic filing on ECF, by email, and by certified mail. (Certificate of Service) (Docket #18). Further, because Rowser is pro se and DLI's motion asked for judgment on the pleadings in the alternative, the motion itself contains the rules explaining the time frame for submitting a response and the consequences of failing to do so. Also, though Rowser is pro se, it bears mentioning that, according to his sworn testimony, he has

received an associate's degree and a bachelor's degree in paralegal studies, and is currently working on a master's degree in legal studies. (Dep. of Michael Rowser 14-15, Attached as Ex. A to Aff. of Autumn Kruse) (Docket #17-1).

Under the rules of procedure, a court may impose sanctions against a party that fails to obey a discovery order under Rule 26(f), as well as against a party that fails to appear for a deposition after proper service of notice or fails to serve any response to properly served interrogatories or requests for inspection. Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A). In any such case, permissible sanction includes dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(1)(A)(v), (d)(3). A "district court need not impose a lesser sanction prior to assessing the sanction of dismissal." *Halas v. Consumer Services, Inc.*, 16 F.3d 161, 165 (7th Cir. 1994) (reviewing a dismissal with prejudice). Further, "[a]lthough civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (internal citation omitted). Though dismissal with prejudice is a "harsh sanction," it can be appropriate depending on the circumstances. *See Halas*, 16 F.3d at 165.

In the case at hand, it is apparent to the court that Rowser is merely continuing in his pattern of evading discovery. His failure to provide initial disclosures as ordered by the court (and, for that matter, discussed and agreed to

by Rowser during the Rule 26(f) conference), failure to respond to discovery requests even after good faith attempts to resolve the failure on the part of DLI, and failure to appear for his deposition all lead the court to conclude that Rowser is acting in sufficient bad faith to not only warrant dismissal of the action, but dismissal with prejudice. Rowser's response to DLI's inquiry regarding the discovery requests serves as illustration. By Rowser's proclamation that he either did not receive the requests, or they were destroyed for an unexplained reason, he tacitly admits that, at best, he has failed to pay any attention to this litigation. At worst, his excuse is transparently dishonest.[1] His failures are further compounded by his lack of response to DLI's instant motion, and in fact borders on a failure to prosecute. Rowser makes no attempt to defend his actions, and the court cannot believe that he suddenly stopped receiving service of any materials or communications whatsoever subsequent to the Rule 26(f) conference. Additionally, the court continues to seriously question, without deciding, the ability of the complaint to state a plausible claim for relief. This perception is reinforced by his behavior in obstructing any form of discovery that might shed light on the bare bones allegations.

None of these actions may be excused by Rowser's pro se status. Though pro se litigants are afforded some leeway, such treatment by the court is based on

---

[1] The AOL email address Rowser previously used successfully is accessible from any internet-connected computer. Further, to be unsure whether he received the discovery requests and deposition notice, but to know for sure that if he did they were destroyed shows a failure to pay any attention, or flat-out dishonesty.

the policy of ensuring that justice is done.  Here, Rowser presents himself with a level of legal experience not found with a typical pro se plaintiff, thus reducing such concerns.  Thus, there is no reason to believe that a dismissal with prejudice would do a disservice to the ends of justice.  In sum, the court finds Rowser's utter failure to participate in discovery, coupled with his history of obstruction as well as similar indicators in this case, sufficient to make dismissal with prejudice an appropriate sanction, and the court will so order.  As such, DLI's motion to amend the scheduling order is mooted and will be denied.

As a final matter, DLI requests in its motion that it be awarded fees and costs related to work done attempting to convince Rowser to comply with discovery and in filing the instant motion.  Regarding fee awards under Rule 37(d), "[i]nstead of or in addition to [sanctions listed in 37(b)(2)(A)], the court must require the party failing to act . . . to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  The language is substantially the same under Rule 37(b). Fed. R. Civ. P. 37(b)(2)(C).  In this case, given the severity of a dismissal with prejudice, the court finds that it would be unjust to impose a further monetary sanction upon Rowser and, therefore, will deny that aspect of DLI's motion.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Dismiss (Docket #13) as a sanction pursuant to Fed. R. Civ. P. 37 be and the same is hereby **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that the defendant's Motion to Amend/Correct Scheduling Order (Docket #22) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge